UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SAM H. SOBANIA,<br><br>          Plaintiff,<br><br>        v.<br><br>LOCALS 302 & 612 INTERNATIONAL UNION OF OPERATING ENGINEERS AND ITS CONSTRUCTION INDUSTRY RETIREMENT FUND,<br><br>          Defendant. | CASE NO. C15-1694JLR<br><br>ORDER OF DISMISSAL |

This matter comes before the court on Defendant Locals 302 & 612 International Union of Operating Engineers and its Construction Industry Retirement Fund's (the "Union") motion to dismiss for failure to serve. (MTD (Dkt. # 9).) Plaintiff Sam H. Sobania filed his complaint on October 27, 2015, and filed an amended complaint on January 12, 2016. (Compl. (Dkt. # 1); Am. Compl. (Dkt. # 5).) However, as of the filing of the motion to dismiss for failure to serve, the Union attests that Mr. Sobania had

ORDER- 1

neither requested that the Union waive service nor properly served the Union.  (Ewers Decl. (Dkt. # 10) ¶¶ 9-10; *see also* Dkt.)  The Union moved to dismiss the case on February 29, 2016.  (MTD at 1.)  Mr. Sobania's deadline to respond has passed, and Mr. Sobania filed no opposition.  (*See* Dkt.); Local Rules W.D. Wash. LCR 7(d)(3).  Instead, on March 18, 2016, Mr. Sobania filed a motion for summary judgment that failed to recognize the service issue or the Union's motion to dismiss.  (MSJ (Dkt. # 11).)

Federal Rule of Civil Procedure 4(m), as it existed when Mr. Sobania filed his complaint, provided Mr. Sobania 120 days to serve the Union.[1]  Fed. R. Civ. P. 4(m); Fed. R. Civ. P. 4(m) advisory committee's note to 2015 amendment.  Rule 12(b)(5) allows a defendant to move to dismiss an action for insufficient service of process.  Fed. R. Civ. P. 12(b)(5).  If a plaintiff fails to serve a defendant in the allotted time or show good cause for that failure, the court can either dismiss the action without prejudice or order that service be made within a specified time.  Fed. R. Civ. P. 4(m).  The court's discretion under Rule 4(m) is broad.  *See Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007) (citing *Henderson v. United States*, 517 U.S. 654, 661 (1996)).

---

[1] Effective December 1, 2015, the time period for proper service decreased from 120 days to 90 days.  Fed. R. Civ. P. 4(m); Fed. R. Civ. P. 4(m) advisory committee's note to 2015 amendment.  Because Mr. Sobania filed his original complaint in October 2015 (*see* Compl.), the court considers Mr. Sobania's deadline for timely service under Rule 4(m) to be 120 days from the date he filed his complaint.  *See Dao v. Liberty Life Assurance Co. of Boston*, No. 14-CV-04749-SI (EDL), 2016 WL 796095, at *2 (N.D. Cal. Feb. 23, 2016) (quoting 2015 U.S. Order 0017) (explaining that the 2015 amendments to the Federal Rules of Civil Procedure apply to pending cases "insofar as just and practicable"); *see also Bolden v. City of Topeka, Kan.*, 441 F.3d 1129, 1148 (10th Cir. 2006) ("[T]he 120-day period provided by Rule 4(m) is not restarted by the filing of an amended complaint except as to those defendants newly added in the amended complaint.").

Here, Mr. Sobania has failed to serve the Union or properly request a waiver of service despite the Union providing the proper forms to Mr. Sobania. (Ewers Decl. ¶¶ 5, 9-10.) Furthermore, Mr. Sobania has neither opposed the Union's motion to dismiss nor attempted to show cause for his failure to serve the Union. (*See* Dkt.; MSJ); *see also* Local Rules W.D. Wash. LCR 7(b)(2) ("Except for motions for summary judgment, if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit."); *SEC v. Ross*, 504 F.3d 1130, 1138-39 (9th Cir. 2007) ("[I]n the absence of proper service of process, the district court has no power to render any judgment against the defendant's person or property unless the defendant has consented to jurisdiction or waived lack of process."); *cf.* Fed. R. Civ. P. 4(m) ("[I]f the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.").

Based on the foregoing analysis, the court concludes that Mr. Sobania has made no showing that he properly served the Union, that he properly requested that the Union waive service, or that good cause exists to extend the deadline for service. The court therefore exercises its discretion under the Local Rules to treat Mr. Sobania's failure to respond as an "admission that the [Union's] motion has merit," Local Rules W.D. Wash. LCR 7(b)(2), and its discretion under the Federal Rules of Civil Procedure to dismiss Mr. Sobania's complaint for failure to serve, *see* Fed. R. Civ. P. 4(m).

//

//

//

Based on the foregoing analysis, the court GRANTS the Union's motion to dismiss (Dkt. # 9) and DISMISSES this action WITHOUT PREJUDICE.

Dated this 12th day of April, 2016.

JAMES L. ROBART
United States District Judge

ORDER- 4